IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| NICOLE ANN TURNER, | ) | CIVIL NO. 23-00113 JAO-KJM |
| | ) | |
| Plaintiff, | ) | ORDER (1) DISMISSING COMPLAINT |
| vs. | ) | WITH LEAVE TO AMEND AND (2) |
| | ) | DENYING APPLICATION TO |
| J M TRAD, et al., | ) | PROCEED IN DISTRICT COURT |
| | ) | WITHOUT PREPAYING FEES OR |
| Defendants. | ) | COSTS AS MOOT |
| | ) | |
| | ) | |

**ORDER (1) DISMISSING COMPLAINT WITH LEAVE TO AMEND AND (2) DENYING APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS AS MOOT**

On March 1, 2023, pro se Plaintiff Nicole Ann Turner ("Plaintiff") filed a Complaint, ECF No. 1, and an Application to Proceed in District Court without Prepaying Fees or Costs requesting leave to proceed in forma pauperis ("IFP Application"), ECF No. 5. For the following reasons, the Court DISMISSES the Complaint with leave to amend and DENIES the IFP Application as moot.

DISCUSSION

I. Dismissal Of The Complaint Under The In Forma Pauperis Statute – 28 U.S.C. § 1915(e)(2)

A court may deny leave to proceed in forma pauperis at the outset and dismiss the complaint if it appears from the face of the proposed complaint that the action: (1) is frivolous or malicious; (2) fails to state a claim on which relief may

be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2); *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1370 (9th Cir. 1987); *Minetti v. Port of Seattle*, 152 F.3d 1113, 1115 (9th Cir. 1998). When evaluating whether a complaint fails to state a viable claim for screening purposes, the Court applies Federal Rule of Civil Procedure ("FRCP") 8's pleading standard as it does in the context of an FRCP 12(b)(6) motion to dismiss. *See Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012).

FRCP 8(a) requires "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1)–(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. *See Jones v. Cmty. Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). "The Federal Rules require that averments 'be simple, concise, and direct.'" *McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996). FRCP 8 does not demand detailed factual allegations. However, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citation omitted). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

2

plausible on its face.'"  *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (citation and internal quotation marks omitted).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678 (citation omitted).

Federal courts are presumed to lack subject matter jurisdiction, and a plaintiff bears the burden of establishing that subject matter jurisdiction is proper. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).  In the present case, even construing Plaintiff's Complaint liberally, the Court finds that dismissal is appropriate because the Complaint fails to demonstrate that the Court has jurisdiction.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Bernhardt v. Los Angeles County*, 339 F.3d 920, 925 (9th Cir. 2003).

Plaintiff asserts federal question jurisdiction.  ECF No. 1 at 4.  Plaintiff identifies the "International Covenant on Civil and Political Rights and Unidroit Treaty, in force in both Australia and the United States of America as a treaty expressing public policy" and the "Alien Tort Statute 1789," *id.*, but fails to demonstrate that the Alien Tort Statute ("ATS") applies.  The ATS grants federal district courts "original jurisdiction of any civil action by an alien for a tort only, committed in violation of the law of nations or a treaty of the United States."  28

U.S.C. § 1350.  But while the ATS "provides federal jurisdiction for a 'modest number of international law violations' recognized by 'the common law,'" *Jara v. Núñez*, 878 F.3d 1268, 1270 (11th Cir. 2018) (quoting *Sosa v. Alvarez-Machain*, 542 U.S. 692, 724 (2004)), claims brought under the ATS must "touch and concern the territory of the United States . . . with sufficient force to displace the presumption against extraterritorial application." *Kiobel v. Royal Dutch Petroleum Co.*, 569 U.S. 108, 124–25 (2013) (citation omitted).  "This presumption 'serves to protect against unintended clashes between our laws and those of other nations which could result in international discord.'"  *Id.* at 115 (citation omitted).

      Here, Plaintiff sets forth allegations against only Defendant J M Trad and no other Defendant.  *See* ECF No. 1 at 5.  In any event, the alleged misconduct occurred within the Australian justice and law enforcement system.  *See id*.  Thus, all such conduct occurred wholly in Australia.  In other words, no relevant conduct took place in the United States; indeed, Defendants are all Australian citizens.  *See* ECF No. 1-3.  Further, Plaintiff appears to reside in Australia, *see* ECF No. 1-2 at 1, and the only mention of the United States in the Complaint is that it is also a treaty signatory.  *See* ECF No. 1 at 4.  Where, as here, "all of the . . . relevant conduct took place outside the United States" and the parties have no connection with the United States, "a federal court may not exercise jurisdiction under the Alien Tort Statute."  *Jara*, 878 F.3d at 1270; *see also Mujica v. AirScan Inc.*, 771

4

F.3d 580, 594 n.11 (9th Cir. 2014) (collecting cases that rejected ATS claims where all relevant conduct occurred outside the United States even where a party was a U.S. citizen).

Moreover, the Court observes that Plaintiff fails to articulate facts establishing diversity jurisdiction. Federal district courts have original jurisdiction over cases where the amount in controversy exceeds $75,000, exclusive of interest and costs, and where the matter in controversy is between citizens of different states. *See* 28 U.S.C. § 1332(a)(1). Complete diversity of citizenship requires that a plaintiff be a citizen of a different state than each of the defendants. *See Williams v. United Airlines, Inc.*, 500 F.3d 1019, 1025 (9th Cir. 2007) (citing *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005)); *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). Diversity jurisdiction, however, "'does not encompass foreign plaintiffs suing foreign defendants.'" *Faysound Ltd. v. United Coconut Chems., Inc.*, 878 F.2d 290, 294 (9th Cir. 1989) (quoting *Cheng v. Boeing Co.*, 708 F.2d 1406, 1412 (9th Cir. 1983), *cert. denied*, 464 U.S. 1017 (1983)).

Plaintiff's allegations fail to establish diversity jurisdiction because although Plaintiff asserts the amount in controversy exceeds $75,000, *see* ECF No. 1 at 5, Defendants are all foreign citizens, *see* ECF No. 1-3 at 1, and the citizenship of Plaintiff is not specifically alleged nor has she filed a civil cover sheet indicating

her citizenship, as required by Rule 3.1 of the Local Rules of Practice for the United States District Court for the District of Hawaii.  *See generally* ECF No. 1.

Dismissal is thus warranted based on Plaintiff's failure to establish jurisdiction.  The Complaint, ECF No. 1, is therefore DISMISSED and the IFP Application, ECF No. 5, is DENIED as moot.

II. Leave To Amend Is Granted

Leave to amend should be granted even if no request to amend the pleading was made, unless the Court determines that the pleading could not possibly be cured by the allegation of other facts.  *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000); *see also Tripati*, 821 F.2d at 1370.  Specifically, "pro se plaintiffs proceeding in forma pauperis must also be given an opportunity to amend their complaint unless it is 'absolutely clear that the deficiencies of the complaint could not be cured by amendment.'"  *Tripati*, 821 F.2d 1370 (quoting *Franklin v. Murphy*, 745 F.2d 1221, 1228 n.9 (9th Cir. 1984)) (some internal quotation marks omitted).

Based on the nature of Plaintiff's allegations, the Court has *serious* doubts that it is possible for Plaintiff to adequately plead the existence of jurisdiction; still, the Court acknowledges that Plaintiff is proceeding pro se and so will permit Plaintiff a chance to cure the deficiencies identified above by amendment.  The

Court therefore dismisses the Complaint without prejudice and grants Plaintiff leave to amend.

Any amended complaint — which should be titled "First Amended Complaint" — must be filed by **April 7, 2023**, and must cure the deficiencies identified above, including the filing of a civil cover sheet. Plaintiff may also file another IFP Application at that time. In any amended pleading, Plaintiff must (1) identify a proper basis for the Court's jurisdiction; (2) provide applicable legal authority; and (3) assert sufficient facts to demonstrate that she is entitled to relief against every named defendant.

## CONCLUSION

In accordance with the foregoing, the Court: (1) DISMISSES the Complaint, ECF No. 1, with leave to amend, and (2) DENIES the IFP Application, ECF No. 5, as moot. If Plaintiff elects to file an amended complaint, she must comply with the following requirements:

(1)  the deadline to file an amended complaint is **April 7, 2023**;

(2)  the amended complaint should be titled "First Amended Complaint"; and

(3)  Plaintiff must cure the deficiencies identified above.

Plaintiff is cautioned that failure to timely file an amended pleading that conforms with this Order *and* concurrently file a new IFP Application *or* submit the filing fee will result in the automatic dismissal of this action.

IT IS SO ORDERED.

DATED: Honolulu, Hawaiʻi, March 7, 2023.



Jill A. Otake
United States District Judge

CV 23-00113 JAO-KJM; *Turner v. Trad, et. al.*; ORDER (1) DISMISSING COMPLAINT WITH LEAVE TO AMEND AND (2) DENYING APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS AS MOOT