IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| NICOLE ANN TURNER, | ) | CIVIL NO. 23-00113 JAO-RT |
| | ) | |
| Plaintiff, | ) | ORDER DISMISSING FIRST |
| vs. | ) | AMENDED COMPLAINT WITHOUT |
| | ) | PREJUDICE |
| JM TRAD, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

## ORDER DISMISSING FIRST AMENDED COMPLAINT WITHOUT PREJUDICE

On March 22, 2023, pro se Plaintiff Nicole Ann Turner ("Plaintiff") filed a

First Amended Complaint ("FAC"), ECF No. 8, and an Application to Proceed in

District Court without Prepaying Fees or Costs requesting leave to proceed in

forma pauperis ("IFP Application"), ECF No. 10.  For the following reasons, the

Court DISMISSES the FAC without leave to amend and DENIES the IFP

Application as moot.

### DISCUSSION

A court may deny leave to proceed in forma pauperis at the outset and

dismiss a complaint if it appears from the face of the proposed complaint that the

action:  (1) is frivolous or malicious; (2) fails to state a claim on which relief may

be granted; or (3) seeks monetary relief against a defendant who is immune from

such relief. *See* 28 U.S.C. § 1915(e)(2); *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1370 (9th Cir. 1987); *Minetti v. Port of Seattle*, 152 F.3d 1113, 1115 (9th Cir. 1998). When evaluating whether a complaint fails to state a viable claim for screening purposes, the Court applies Federal Rule of Civil Procedure ("FRCP") 8's pleading standard as it does in the context of an FRCP 12(b)(6) motion to dismiss. *See Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012).

FRCP 8(a) requires "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1)–(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. *See Jones v. Cmty. Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). "The Federal Rules require that averments 'be simple, concise, and direct.'" *McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996). FRCP 8 does not demand detailed factual allegations. However, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citation omitted). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

2

(2007)); *see Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (citation and internal quotation marks omitted).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted).

"Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010).  Federal courts are presumed to lack subject matter jurisdiction, and a plaintiff bears the burden of establishing that subject matter jurisdiction is proper.  *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).  If the Court lacks subject matter jurisdiction, an action must be dismissed.  Fed. R. Civ. P. 12(h)(3).

In the present case, even construing Plaintiff's FAC liberally, the Court finds that dismissal is appropriate because the FAC fails to demonstrate that the Court has jurisdiction.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Bernhardt v. Los Angeles County*, 339 F.3d 920, 925 (9th Cir. 2003).  The Court has already engaged in a lengthy discussion regarding the lack of diversity jurisdiction — Plaintiff and Defendants are all citizens of Australia[1] — as well as federal question

---

[1]  Although Plaintiff's civil cover sheet states that Plaintiff resides in Australia, it does not specifically note whether she is a "Citizen or Subject of a Foreign (continued . . . .)

jurisdiction, *see* ECF No. 6, which is the sole jurisdictional basis now asserted by

Plaintiff.  *See* ECF No. 8 at 4.  For the sake of brevity, the Court adopts but does

not repeat its prior analysis, and focuses only on the substantive amendments in the

FAC.

As to federal question jurisdiction, Plaintiff notes that the Australian

Constitution "mirror[s]" the United States Constitution, and that there have been

Congressional representations that aggrieved persons in alien lands may seek relief

from oppression in the United States pursuant to "the International Covenant on

Civil and Political Rights and Unidroit Treaty, in force in both Australia and the

United States . . . and the Alien Tort Statute 1789."  ECF No. 8-4 at 1.  Plaintiff

also refers to David Golove, *The Alien Tort Statute and the Law of Nations:  Newly

Uncovered Historical Evidence of Founding Era Understandings*, Harvard Law

School Human Rights Program Research Working Paper Series, Dec. 2020,

*available at* https://hrp.law.harvard.edu/wp-content/uploads/2022/10/WP21_001_

Golove_The-AlienTortStatute.pdf (last visited Mar. 23, 2023) ("Golove Article"),

which Plaintiff contends stands for the proposition that a presumption against

extraterritorial jurisdiction violates the Law of Nations, which was "accepted by

---

Country."  ECF No. 9.  Nevertheless, Plaintiff does not assert diversity jurisdiction,
nor has she otherwise indicated that she is a U.S. citizen. *See also, e.g.*, ECF No. 8
at 2 (listing that her address is in New South Wales, Australia); ECF No. 8-2 at 1
(same).  Further, the FAC alleges that all Defendants are citizens of Australia.
ECF No. 8-3.

the founding fathers . . . of the United States" and is also contained in the International Covenant on Civil and Political Rights.  ECF No. 8-4 at 1.  Plaintiff further appears to suggest that single judges may not exercise power over another individual, and that when they do, they violate the Holy Bible.  *See id.*  Lastly, Plaintiff seems to argue that grand juries are a fundamental right, and that Australia's abolition of grand juries requires her to seek relief in the United States under the Law of Nations.  *See id.*

As a preliminary matter, as the Court previously stated, the ATS "provides federal jurisdiction for a 'modest number of international law violations' recognized by 'the common law,'" *Jara v. Núñez*, 878 F.3d 1268, 1270 (11th Cir. 2018) (quoting *Sosa v. Alvarez-Machain*, 542 U.S. 692, 724 (2004)), and that claims brought under the ATS must "touch and concern the territory of the United States . . . with sufficient force to displace the presumption against extraterritorial application." *Kiobel v. Royal Dutch Petroleum Co.*, 569 U.S. 108, 124–25 (2013) (emphasis added) (citation omitted).  "This presumption 'serves to protect against unintended clashes between our laws and those of other nations which could result in international discord.'" *Id.* at 115 (citation omitted).  And the presumption is not undermined by the Golove Article, which merely posits that the ATS was not intended to limit the scope of liability of *U.S. Nationals* for torts committed abroad.  *See* Golove Article at 14.

Here, the gravamen of the FAC is that some alleged misconduct[2] of

Defendants — who are all citizens of Australia — occurred within the Australian

justice and law enforcement system.  *See* ECF No. 8 at 5.  That Australia's

Constitution may be premised on that of the United States, or that Plaintiff

maintains that the Law of Nations has been violated by Defendants, does not alter

whether *Defendants' acts* touch and concern the territory of the United States.

Thus, where, as here, there are no allegations that relevant conduct took place in

the United States and the parties have no connection with the United States, "a

federal court may not exercise jurisdiction under the Alien Tort Statute." *Jara*, 878

F.3d at 1270.  Accordingly, the Court lacks the federal question jurisdiction

asserted by Plaintiff.

//

//

//

//

//

//

---

[2]  Although the form complaint completed by Plaintiff instructs, "[s]tate how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, *including the dates and places of that involvement or conduct*," ECF No. 8 at 5 (emphasis added), Plaintiff provides no such specifics.

CONCLUSION

For the foregoing reasons, and because Plaintiff had previously been given

an opportunity to correct jurisdictional deficiencies, the First Amended Complaint,

ECF No. 8, is DISMISSED WITHOUT PREJUDICE.  The IFP Application, ECF

No. 10, is DENIED as moot.  The Clerk of Court is directed to CLOSE this case.

IT IS SO ORDERED.

DATED:  Honolulu, Hawai'i, March 24, 2023.



Jill A. Otake
United States District Judge

CV 23-00113 JAO-KJM; *Turner v. Trad, et. al.*; ORDER DISMISSING FIRST AMENDED
COMPLAINT WITHOUT PREJUDICE